UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANDRE DEVINE TYLER,

    Plaintiff,

v.                                                      Case No: 8:20-cv-2250-T-60JSS

YONG CHONG, LEFORTH VICENTE
MUNOZ and CARLOS IAN ORTIZ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Affidavit (Dkt. 1) and Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 2), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis* ("Motion"). For the reasons that follow, it is recommended that the Motion be denied and that Plaintiff's case be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-civ-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends dismissal of Plaintiff's case without prejudice for the reasons that follow.

Plaintiff has not filed a complaint and therefore fails to state a claim that complies with the pleading requirements of Federal Rules of Civil Procedure 7 and 10. (Dkt. 1.) Under Federal Rule of Civil Procedure 7, the only pleadings allowed are a (1) a complaint, (2) an answer to a complaint, (3) an answer to a counterclaim designated as a counterclaim, (4) an answer to a cross claim, (5) a third-party complaint, (6) an answer to a third-party complaint, and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Under Federal Rule of Civil Procedure 10, every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. Fed. R. Civ. P. 10(a). Further, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

Here, Plaintiff filed a document entitled "Affidavit," which lacks most of the requirements listed above. The Affidavit does not include the court's name, Rule 7(a) designation, or distinct

claims. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). The Affidavit is insufficient to comply with the pleading requirements of the Federal Rules of Civil Procedure.

Even assuming the Affidavit could be construed as a complaint, the Affidavit does not satisfy the requirements of Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322-23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, Plaintiff's Affidavit suffers from defects common to the second, third, and fourth types of shotgun pleadings. Specifically, Plaintiff's Affidavit contains conclusory and immaterial facts, seemingly unrelated to any cause of action or any particular defendant. For example, Plaintiff states that he has been forced to pay debts. (Dkt. 1 at 2.) It is unclear who forced him to pay such debts, to whom the money was paid, or the terms of the transactions. Plaintiff also alleges that he has worked "752 hours without any pay," but does not provide any circumstances relating to his employment. (Dkt. 1.) Plaintiff does not identify his employer, his job duties, or his wages. (Dkt. 1.) Plaintiff also makes references to "unethical business practices" in connection to various defendants, but does not specify how, if at all, these practices are related to his allegations regarding the debts or unpaid wages. Thus, it is unclear from Plaintiff's Affidavit which allegations relate to which defendants. Moreover, Plaintiff's Affidavit does not include a statement of jurisdiction, separate causes of action, or a prayer for relief. (Dkt. 1.) As such, it is impossible to discern what claims Plaintiff asserts, which defendants are implicated in each claim, or the relief that Plaintiff seeks from the Court.

In sum, Plaintiff's Affidavit fails to satisfy Rules 7, 8, and 10. The Affidavit is not a proper pleading, and even if it were construed as a pleading, it is an impermissible shotgun pleading and should be dismissed with leave to amend on this basis. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of 'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief").

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's case be **DISMISSED** without prejudice and with leave to file a complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The undersigned recommends that the complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on November 2, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record